**UNITED STATES ex rel. CARCHIETTA et al. v. WARDEN OF RICHMOND COUNTY JAIL, STATEN ISLAND, N. Y. et al.**

**Mem. No. 1759.**

United States District Court
E. D. New York.

May 12, 1953.

---

Cosgrove & Heffernan, St. George, N. Y., Francis P. Heffernan, St. George, N. Y., of counsel, for relators.

Nathaniel L. Goldstein, Atty. Gen. of New York, William B. Herlands, Special Asst. Atty. Gen., of N. Y., of counsel; Jacob Imberman, Sp. Asst. Atty. Gen., of N. Y., on the brief, for respondents.

GALSTON, District Judge.

The relators on the petition of their attorney, Francis B. Heffernan, seek a writ of habeas corpus to discharge the relators from the custody of the warden of the Richmond County jail, respondent.

Primarily, the inquiry must be directed to the question of the jurisdiction of this Court. Have the relators exhausted the remedies available to them under the State law. If they have not, then the petition for the issuance of a writ must be denied.

The Executive Order of The Honorable Thomas E. Dewey, Governor of the State of New York, dated September 27, 1951, provided for an investigation in Richmond County to be conducted by the grand jury which, among other things, was to inquire into:

"any and all acts heretofore or hereafter committed or omitted, or alleged to have been committed or omitted in the County of Richmond in violation of any provision of law relating to gambling, bribery and corruption, perjury and subornation of perjury, pub-

lic offices and officers * * * or the administration of justice."

Thereafter, on or about January 22, 1953 and January 29, 1953 the relators appeared before the extraordinary grand jury and were asked certain questions in connection with the inquiry directed by The Governor. On their refusing to answer, they appeared on February 5, 1953 before Mr. Justice Felix C. Benvenga, Justice of the Supreme Court of the State of New York, who was presiding over all matters in connection with the investigation of that grand jury. The Justice, on February 10, 1953, directed the relators to answer the questions which had been put to them. Upon their refusal, he held them in contempt, pursuant to Section 750 of the Judiciary Law McK.Consol.Laws, c. 30 of the State of New York and directed that they be confined in the city jail for thirty days and pay a fine of $250 each. The order also directed that in default of the payment of the fine, the relators were to serve an additional thirty days in jail.

The relators did not pay the fine and, therefore, did remain in the city jail until the expiration of the second period of thirty days. They were accordingly released on the expiration thereof on April 10, 1953, thus having served the sentence imposed upon them for contempt of court pursuant to Section 750 of the Judiciary Law.

It is abundantly clear, therefore, that their present custody is not by virtue of the Order of Justice Benvenga of February 10, 1953. That sentence having been served and the relators released, there is nothing for this court to adjudicate.

Nor is jurisdiction acquired by this Court by virtue of the fact that on February 19, 1953 the grand jury directed that the Attorney General file informations against each of the relators charging them with the crime of criminal contempt in violation of Section 600 of the Penal Law, McK. Consol.Laws, c. 40.

It appears that on April 10, 1953, having served the sentences imposed heretofore referred to, the relators were again arrested by virtue of warrants issued in connection with the charge of criminal con-

tempt. They were held in $15,000 bail. Their present custody by the warden of the Richmond County jail results from their failure to provide the bail set.

What precisely was before the Appellate Division and the Court of Appeals on the habeas corpus "proceeding" referred to in the Heffernan petition is not entirely clear. Apparently, though, it was not an appeal from the order of Justice Benvenga of February 10, 1953 nor from the order fixing bail.

The petition of Mr. Heffernan seeks to fuse these two proceedings. It is not for this Court to pass upon that question, certainly not until the relators have exhausted all of their available State remedies. It is suggested that the information for criminal contempt arises out of the same facts as did their failures to comply with the contempt order of Mr. Justice Benvenga. However that may be, the alleged "double jeopardy" is clearly a matter for the relators to urge as a defense, if they are so advised, in the trial which I understand is set for today on the charge of violation of Section 600 of the Penal Law. Following that trial and the exhaustion of all State remedies, the relators may again be in this Court, but not until then can they be heard as a matter of "due process." See 28 U.S.C.A. § 2254.

Accordingly, the petition for a writ of habeas corpus must be denied.